# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM MISIEWICZ, | |
| Plaintiff, | Case No. 2:13-cv-02036-APG-VCF |
| vs. | **O R D E R** |
| BOARD OF PAROLE COMMISSIONERS, et al., | |
| Defendants. | |

Petitioner has submitted a notice of appeal. Petitioner is attempting to appeal to this court the Nevada Supreme Court's denial of his petition for a writ of mandamus. That petition, in turn, arose from the administrative closure of a civil action filed in the Eighth Judicial District Court of the State of Nevada.

This Court does not have appellate jurisdiction to consider petitioner's claims. "[A]ppellate jurisdiction to reverse or modify a state-court judgment is lodged, initially by § 25 of the Judiciary Act of 1789, 1 Stat. 85, and now by 28 U.S.C. § 1257, exclusively in [the Supreme Court of the United States]. Federal district courts . . . are empowered to exercise original, not appellate, jurisdiction." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 283 (2005). Having been unsuccessful with his petition for a writ of mandamus in state court, petitioner cannot ask this court to overturn that denial. Id. at 284 (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).

/ / /

/ / /

1 **IT IS THEREFORE ORDERED** that the clerk of the court shall file the notice of appeal.

2 **IT IS FURTHER ORDERED** that the motion to expedite the appeal (Dkt. #2) is **DENIED**.

3 **IT IS FURTHER ORDERED** that this action is **DISMISSED** for lack of jurisdiction. The
4 clerk of the court shall enter judgment accordingly.

5 **IT IS FURTHER ORDERED** that a certificate of appealability, to the extent one is
6 necessary, is **DENIED**.

7 DATED:  11th day of December, 2013

_____
ANDREW P. GORDON
United States District Judge